**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Mahar, ) | No. CV-08-0409-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed an application for supplemental security income benefits on June 30, 2005, alleging disability due to degenerative disc disease, degenerative joint disease, and facet arthritis of the lumbar spine, beginning January 7, 1994. Following a hearing, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled and denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

We now have before us plaintiff's motion for summary judgment (doc. 18) and supporting memorandum (doc. 19), and defendant's cross-motion for summary judgment (doc. 24) and supporting memorandum (doc. 26). Neither party filed a response or reply.

1    A district court may set aside a denial of benefits "only if it is not supported by
2 substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954
3 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as
4 a whole, a reasonable person might accept as adequate to support a conclusion. Where the
5 evidence is susceptible to more than one rationale interpretation, one of which supports the
6 ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

7    The ALJ found that plaintiff can lift or carry 10 pounds frequently and 20 pounds
8 occasionally; sit, stand or walk for six hours in an eight-hour day; with no limits on his
9 ability to operate hand or foot controls. Tr. 16. The ALJ concluded that plaintiff retains the
10 residual functional capacity to perform a full range of light work, and therefore he is not
11 disabled. Id.

12   Plaintiff argues that the ALJ erred in discounting the opinion of treating physician,
13 Belal Sharaf, M.D. Dr. Sharaf completed a medical assessment, indicating that plaintiff
14 retained the residual functional capacity to sit for three hours, stand/walk for two hours; lift
15 6 to 10 pounds frequently, and 21 to 25 pounds occasionally–findings that would preclude
16 him from full-time employment. Tr. 178-79. The ALJ rejected Dr. Sharaf's opinion to the
17 extent that it was inconsistent with the record as a whole, which otherwise indicated that
18 plaintiff is not disabled.

19   The ALJ relied on the opinion of examining physician Ronald D. Barker, M.D., who
20 described plaintiff "with heavy calluses on his hands, well-developed musculature in both
21 extremities, back and abdomen and deeply tanned from the sun," indicating "ongoing heavy
22 physical activity." Tr. 142, 18. Dr. Barker noted that plaintiff could walk on his heels and
23 toes, hop on each foot, squat and rise from a squatting position without assistance. Tr. 18.
24 He experienced no pain with straight leg raising, either sitting or lying down. (Plaintiff
25 denied that he hopped up and down or raised his legs during his examination by Dr. Barker.)
26 Tr. 18. Dr. Barker concluded that plaintiff retained the functional capacity to perform work
27 at a medium level of exertion.
28

1   The ALJ also relied on the opinion of treating pain management specialist, Albert
2   Yeh, M.D., who consistently noted that plaintiff did not have any pain symptoms on straight
3   leg raising, focal weakness, muscular atrophy or cervical radicular pain. Tr. 18. He further
4   noted that plaintiff had normal reflexes but had some pain over the lumbar facet joints upon
5   palpation and spasm. He diagnosed plaintiff's lumbar degenerative joint disease/facet
6   arthritis as mild. Tr. 19.

7   An examining physician's independent clinical findings that differ from the findings
8   of a treating physician are substantial evidence to support an ALJ's decision to discount the
9   opinion of a treating physician. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Dr. Barker
10  and Dr. Yeh's independent examinations support the ALJ's conclusion that plaintiff's
11  impairment is not so severe as to prevent him from working. Dr. Sharaf based his assessment
12  on notes from Dr. Yeh, yet Dr. Yeh's assessment did not support a finding of disability.
13  Therefore, the ALJ properly rejected Dr. Sharaf's opinion to the extent it was inconsistent
14  with Dr. Yeh's findings, and to the extent it was inconsistent with the record as a whole.

15  Plaintiff also argues that the ALJ erred because he mistakenly reported that plaintiff
16  was 36 years old at the time of his application for benefits, when in fact he was 47 years old.
17  The regulations define a "younger person" as one who is "under age 50." 20 C.F.R. §
18  416.963(c). Notwithstanding the ALJ's misstatement, plaintiff fit within the category of
19  "younger person" under the regulations, and therefore plaintiff's age was not a determining
20  factor in the ALJ's conclusion that plaintiff was not disabled.

21  Based on the foregoing, we conclude that substantial evidence in the record supports
22  the ALJ's determination that plaintiff is not disabled.

23  **IT IS ORDERED GRANTING** defendant's cross-motion for summary judgment
24  (doc. 24), and **DENYING** plaintiff's motion for summary judgment (doc. 18).

25  DATED this 27th day of March, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 3 -